

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NOS. PD-0581-22 & PD-0582-22

### BEECHER MONTGOMERY, Appellant

**v.**

### THE STATE OF TEXAS, Appellee

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW
## FROM THE SECOND COURT OF APPEALS
## TARRANT COUNTY

RICHARDSON, J., delivered the opinion of the Court in which SCHENCK, P.J., YEARY, KEEL, and PARKER, J.J joined. KEEL, J., filed a concurring opinion in which SCHENCK, P.J., YEARY, and PARKER, J.J., joined. PARKER, J., filed a concurring opinion in which SCHENCK, P.J., and KEEL, J., joined. WALKER, J., filed a dissenting opinion. FINLEY, J. filed a dissenting opinion. NEWELL and McCLURE, J.J. dissented.

## OPINION

Over Appellant's objections under the Confrontation Clause, the trial court conducted a motion to enter adjudication of guilt and revocation hearing virtually. We must decide whether Appellant was erroneously denied the right to be physically present to confront witnesses at his adjudication hearing under the Confrontation Clause. Because the Confrontation Clause does not apply to motion to enter adjudication of guilt hearings, we find no error and affirm the appellate court below.

**Facts**

Appellant was indicted for theft from a person and evading arrest with a vehicle in two separate cause numbers. (1 CR 7).[1] He pled guilty to both (including signing a judicial confession as part of his plea admonishments) and moved the trial court to sentence him. (1 CR 49-53). On June 30, 2020, he was placed on Deferred Adjudication for ten years for both cases. (1 CR 61). As part of the plea agreement, the State did not pursue habitual-offender enhancement. (1 CR 61).

In August of 2020, after Appellant was arrested for several new offenses, the State filed a "Petition to Proceed to Adjudication" against Appellant for violating the terms of his agreement. (1 CR 69). On October 13, 2020, the State amended its

---

[1] Unless otherwise specified, this opinion refers to the appellate record in PD-0581-22.

petition with additional violations after Appellant reportedly violated a protective order multiple times and admitted to using illegal drugs. (1 CR 72).

On October 14, 2020, Appellant filed a written "Objection to Virtual Proceeding" under the Equal Protection and Due Process clauses. (1 CR 79). On January 6, 2021, following several resets, a virtual Zoom hearing was held on the State's petition. (3 RR 1). At the beginning of the hearing, Appellant re-urged his written "Objection to Virtual Proceeding." (3 RR 8-10). On top of the written objection, Appellant again argued that the virtual setup overly burdened attorney-client communication, and that he had the right to be present in order to effectively confront witnesses. (3 RR 12-14). Appellant also pointed out the incongruity with the State's position in another case (where the State advocated for an in-person murder trial to protect confrontation rights) while Appellant himself was being forced against his objections to a virtual hearing. (3 RR 12-14). After hearing Appellant's arguments, the trial court overruled Appellant's objection but granted him a running objection "throughout all of the hearings." (3 RR 15-16). Nevertheless, Appellant renewed his objection one last time during an oral motion for a directed verdict, which the trial court denied. (3 RR 89).

The trial court then found all but one of the State's alleged violations of the community supervision agreement to be true.[2] (3 RR 118-19). Subsequently, Appellant was adjudicated guilty of theft from a person and evading arrest with a vehicle, and his probation was revoked. *Id*. (3 RR 195; 1 CR 101). Appellant filed notices of appeal and motions for new trial under both cause numbers, which were overruled over operation of law. (1 CR 111, 119).

On direct appeal to the Second Court of Appeals, Appellant argued that the virtual hearing violated his right to confront witnesses under the Confrontation Clause, and that he was denied Due Process under the Fourteenth Amendment when he was not allowed to be physically present at his own hearing. App. Br. to Ct. App., *Montgomery v. State*, Nos. 02-21-00002-CR & 02-21-00003-CR, 2022 WL 5240472, at *8-18 (Tex. App.—Fort Worth Aug. 21, 2024).

The Court of Appeals interpreted Appellant's Due Process claim as one that focused on the technical glitches rather than an objection to the virtual platform itself. *Id*. at *3.

> His true complaint, however, appears not to be the use of Zoom in general but that there were several instances in which the virtual technology utilized was inadequate and therefore did not truly provide

---

[2] The State waived ground five which alleged that Appellant had violated a protective order (by contacting his mother on three occasions by writing her letters) because the no-contact order was ambiguously worded. (1 CR 72; 3 RR 16-17).

a vehicle in which Appellant could be *present* at this hearing and sentencing.

*Id.* at *3 (internal quotes omitted; emphasis in original). Finding no significant impairment in his virtual participation, the lower appellate court ruled that Appellant failed to demonstrate any violation of Due Process:

> Accordingly, we conclude that the virtual hearing on the State's petition to proceed to adjudication—though not seamless—was not so inadequate that Montgomery was not permitted to participate in the hearing on the State's petition to proceed to adjudication.

*Id.* at *4.

The lower appellate court also found no violation under the Confrontation Clause. *Id.* at *5. It reasoned that "the Confrontation Clause does not apply to a revocation proceeding because that is not a stage of a criminal prosecution" for the purpose of the Sixth Amendment. *Id.* at *1 (internal citations omitted). Accordingly, the Court of Appeals affirmed the trial court below. *Id.* at *7.

On petition for discretionary review, Appellant continues his arguments that the denial of his objection to the virtual proceeding violated both his rights (1) under the Fourteenth Amendment's Due Process Clause, and (2) under the Sixth

Amendment's Confrontation Clause. PDR, at *3. We granted review only on the Confrontation Clause claim.[3]

**The Confrontation Clause, Criminal Prosecutions, and Probation.**

The Sixth Amendment guarantees via the Confrontation Clause that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him; . . . ." U.S. Const., amend VI. In accordance to the fair trial guarantee that the totality of the Sixth Amendment envisions, the right to confront witnesses necessarily includes the right to be present. However, unlike the Due Process Clause which shares many overlapping protections, the Confrontation Clause, by its explicit text, applies only to "criminal prosecutions." *Id*.; *see also Hughes*, 691 S.W.3d at 519.[4]

The resulting question before us today is whether a motion to enter adjudication of guilt from a deferred adjudication followed by a motion to revoke probation lies within a "criminal prosecution" as understood by the Sixth Amendment. It is undeniable that these proceedings are at least related to a predicate

---

[3] The instant case was initially held for *Hughes v. State*, 691 S.W.3d 504 (Tex. Crim. App. 2024), and *Inman v. State*, No. PD-0251-22, 2023 WL 3495573 (Tex. Crim. App. May 17, 2023), which both had similar issues. *Hughes* was resolved on Due Process grounds while *Inman* was dismissed as improvidently granted.

[4] *Hughes*, which was decided on Due Process grounds, is inapplicable here because of the unique facts of this case.

criminal prosecution and that there is some overlap. And this includes the possibility that the defendant may lose his liberty. However, several characteristics of these proceedings lead us to conclude that such a proceeding is not a true "criminal prosecution" protected by the Sixth Amendment.

### *Community Supervision is not a right*.

In a typical criminal prosecution, the defendant is accused of a criminal offense and stands to lose a significant liberty interest if found guilty beyond a reasonable doubt. The liberty interest in question is not an interest awarded to him by law, but one that is naturally his by constitutional default. *See Gagnon v. Scarpelli*, 411 U.S. 778, 781-82 (1973) (finding federal probation revocation is not a stage of criminal prosecution after the similarity to parole: "Revocation [of parole] deprives an individual, not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions." (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)).

However, community supervision (which includes deferred adjudication) is a "privilege, not a right." *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999). "The decision whether to grant probation is wholly discretionary and nonreviewable." *Speth*, 6 S.W.3d at 533 (citing *Flourney v. State*, 589 S.W.2d 705, 707 (Tex. Crim. App. 1979)). The trial court is essentially extending "clemency" to the

7

defendant when granting community supervision. *Id.* (citing *Wilson v. State*, 240 S.W.2d 774, 775 (Tex. Crim. App. 1951)); *Escoe v. Zerbst*, 295 U.S. 490, 492-93 (1935) (stating that probation is an "act of grace"). This clemency is contractually extended if the convicted person "keep[s] and perform[s] certain requirements and conditions, the violation of which will authorize the revocation of the probation." *Speth*, 6 S.W.3d at 533. Thus, when probation is revoked, the court is only withdrawing a clemency or privilege it always had the discretion to give—and not the deprivation of a right.

Nevertheless, a hearing on the State's motion to enter adjudication of guilt and revoke community supervision differs from typical federal probation revocation proceedings. As allowed by statute, Texas judges have discretion to withhold a finding of guilt by granting deferred adjudication. TEX. CODE CRIM. PROC., art. 42A.053; art. 42A.001.

Once the plea proceeding has concluded, however, the gravamen of any motion to enter an adjudication of guilt followed by a revocation of probation is different. The trial court focuses on whether the defendant failed to perform the terms of his agreement. If the trial court finds a violation of the terms of his agreement, the trial court decides whether to enter a finding of guilt. Unlike the protections guaranteed in a criminal case, the burden of proof is by a preponderance of the evidence. *Cobb v. State*, 851 S.W.3d 871, 873 (Tex. Crim. App. 1993).

Furthermore, that burden can be met using relaxed evidentiary rules. *See id.* (finding formal proof of probation documents not necessary in a revocation proceeding because of the hearing's administrative nature). If the judge finds any of the allegations to be true, the judge may "proceed to dispose of the case as if there had been no community supervision [such as deferred adjudication]." TEX. CODE CRIM. PROC. art. 42A.755 (a)(1). Thus, a defendant does not enjoy the same protections in a motion to enter adjudication of guilt as a defendant entering a plea of not guilty and demanding a trial.

## Conclusion

We agree with the court of appeals below. The trial court did not err in overruling Appellant's objection under the Confrontation Clause because it did not apply to an adjudication of guilt and probation revocation hearing. Thus, we affirm.

Filed: July 2, 2026

Publish